IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robbie Wayne Peterson, | ) | C/A No. 7:14-141-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Richard P. Burgess of Cherokee County Sheriff Office, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Robbie Wayne Peterson, a self-represented state prisoner, filed this action against the defendant pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion to dismiss filed by Defendant Richard P. Burgess. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Peterson of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 19.) Peterson filed a response in opposition to the motion. (ECF No. 21.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion to dismiss should be granted.

**BACKGROUND**

The Complaint alleges that the defendant, an employee of the Cherokee County Sheriff's Office, arrested Peterson on August 22, 2011, for the offense of criminal sexual conduct. (ECF No. 1 at 3.) The Complaint further asserts that the defendant "failed to conduct an independent investigation" prior to obtaining a warrant for Peterson's arrest, which resulted in a four-month

Page 1 of 9

*PJG*

period of detention. (Id.) Peterson claims that, prior to the dismissal of the charge on November 18, 2011, the "allegation of criminal sexual conduct was posted in the newspaper and in the media." (Id.) Peterson further complains that the offense is being used "to deny him the ability to be transferred to a level one (1) institution" where he would have more freedom. (Id.) Peterson requests monetary damages for the defendant's actions. (Id. at 4.)

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-



97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint)).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Constitutional Claims**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.     Official Capacity Claims

The defendant asserts that any official capacity claims raised by Peterson are actually "claims against the Cherokee County Sheriff's Office," and cites a former civil action filed by Peterson in this court alleging nearly identical claims against Peterson's employer. See Peterson v. Steve Mueller, Sheriff of Cherokee County, C/A No. 7:13-2155-GRA-PJG (D.S.C. Aug. 9, 2013) (hereinafter referred to as "prior case"). (ECF No. 18-1 at 3.) Thus, the defendant argues that any official capacity claims alleged against him are barred by the doctrine of *res judicata*. (Id. at 2-3.) The defendant also argues that Peterson's official capacity claims are barred by the Eleventh Amendment. (Id. at 3.) Peterson's response in opposition to the defendant's motion argues that the doctrine of *res judicata* is inapplicable because his prior case was dismissed without prejudice prior to the issuance and service of process. (ECF No. 21 at 2.) Peterson further argues that the Eleventh Amendment should not bar his claim because the defendant "stepped outside of the scope of his duty." (Id.)

The court agrees that the doctrine of *res judicata* does not bar Peterson's claims in this case. "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits." Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004). While Peterson's prior case raised allegations against his employer that are nearly



identical to those in the instant Complaint, the court dismissed the prior case without prejudice and without the issuance and service of process.[1] Because the court did not issue a final judgment on the merits in the prior case, the requirements for the doctrine of *res judicata* are not met.

However, the court finds that Peterson's claims against the defendant in an official capacity are barred by the Eleventh Amendment, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As an arm of the state, the defendant is entitled to sovereign immunity. See Will, 491 U.S. at 70-71; Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities). Accordingly, to the extent the defendant is sued in his official capacity, he is immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment

---

[1] The court may take judicial notice of the content of its own files. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).



when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). As such, the defendant's motion to dismiss the claims against him in his official capacity should be granted.

### 2. Individual Capacity Claims

The defendant argues that Peterson's claims against him in his individual capacity should also be dismissed because the Complaint provides an insufficient factual basis to support a violation of Peterson's constitutional rights. (ECF No. 18-1 at 5.) The defendant further argues that courts do not require a police officer to make an independent investigation to corroborate a victim's allegations prior to arrest. (Id. at 5-6.) Peterson refutes the defendant's arguments by reiterating his allegation that the defendant failed to conduct a proper investigation or corroborate the victim's allegations prior to securing an arrest warrant. (ECF No. 21 at 2-3.)

To establish a § 1983 claim for false arrest or imprisonment, a plaintiff must show that the seizure was effected without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). To demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted).



To demonstrate a "reckless disregard," a plaintiff must show, in light of all of the evidence, that an officer had "serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id. With regard to alleged omissions from an affidavit, a plaintiff must establish that the officer failed to inform the magistrate of facts that the officer knew would negate a finding of probable cause. Id. However, allegations of negligence or honest mistake are insufficient. Id. at 627-28. Additionally, "the false statements or omissions must be material, that is, necessary to the neutral and disinterested magistrate's finding of probable cause." Id. at 628 (internal citations and quotation marks omitted).

Here, Peterson provides a copy of his arrest warrant, issued on July 13, 2011, and served on Peterson on the date of his arrest, August 22, 2011. (ECF No. 21-1 at 7.) The parties appear to agree that the defendant, in securing an arrest warrant, relied upon the victim's statement that Peterson had committed the alleged crime. Although Peterson disputes the victim's statements based on her later request to dismiss the charge, he has presented no factual allegations that the defendant intentionally lied or recklessly made material omissions to obtain the arrest warrant. Accordingly, the court finds that Peterson presents insufficient factual allegations to demonstrate that his arrest was made without probable cause or that the defendant failed to properly investigate the victim's allegations. See Beauchamp v. City of Noblesville, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."); United States v. Beckham, 325 F. Supp. 2d 678, 687 n.16 (E.D. Va. 2004) (collecting cases). Therefore, the court finds that the defendant's motion to dismiss Peterson's individual capacity claims should be granted.



### C.     State Law Defamation Claim

"To prove defamation, a plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Banks v. St. Matthew Baptist Church, 750 S.E.2d 605, 607 (S.C. 2013) (internal quotation marks and citation omitted).  As argued by the defendant, Peterson provides no factual allegations that the defendant communicated a false and defamatory statement.  (ECF No. 18-1 at 7.)  Peterson's response in opposition to the motion asserts that his arrest placed him "in the public's eye" and that the damage to his reputation stems from the defendant's actions; however, Peterson still fails to allege the communication of a false and defamatory statement by the defendant. (ECF No. 21 at 4.)  Therefore, the court finds that the defendant's motion to dismiss should be granted as to Peterson's defamation claim.  See Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) ("The non-moving party 'cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another.' ") (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

### RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss (ECF No. 18) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 11, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).