IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Robbie Wayne Peterson, | ) | |
| | ) | Civil Action No. 7:14-141-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Richard P. Burgess of Cherokee County Sheriff Office, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendant's motion to dismiss (ECF No. 18) be granted. (ECF No. 26). Plaintiff was advised of his right to file objections to the Report. (ECF No. 26), and he filed timely objections. (ECF No. 30).[1]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] This court entered an order adopting the Report. (ECF No. 33). Plaintiff appealed that order, and the Fourth Circuit vacated and remanded the order for the court to consider Plaintiff's objections. (ECF No. 45).

Plaintiff claims, as he did in his opening briefs, that Defendant is liable in his individual capacity. (ECF No. 30 at 2). His argument has been, and still is, that because the victim of the alleged sexual assault requested that the case be dismissed, an investigation by Defendant into her allegations would have shown that he did not sexually assault the victim. (ECF No. 21 at 2–3). In his response to the motion to dismiss, Plaintiff claims that Defendant relied solely on the victim's statement and did not conduct an independent investigation. (ECF No. 21). In his objections, he now claims that Defendant conducted an investigation beyond relying solely on the victim's statement. (ECF No. 30 at 2). His objections target the sufficiency of the arrest warrant.

In general, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)). A police officer loses his qualified immunity "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable" *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986) (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)). "The presumption of reasonableness attached to obtaining a warrant can be rebutted where 'a reasonably well-trained officer in [Defendant's] position would have known that his [application] failed to establish probable cause and that he should not have applied for the warrant.'" *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) (quoting *Malley*, 475 U.S. at 345). To show that a "seizure was unreasonable because it followed from a warrant affidavit that was deficient, . . . Plaintiff must prove that [Defendant] deliberately or with a 'reckless disregard for the truth' made material false statements in his affidavit . . . or omitted from that affidavit 'material facts with the intent to make, or with reckless disregard of whether they thereby made,

the affidavit misleading.'" *Miller v. Prince George's Cnty., MD*, 475 F.3d 621, 627 (4th Cir. 2007) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990)).  Allegations of negligence or an honest mistake on behalf of the officer are insufficient.  *Id.* at 627–28.

The court finds that the use of the victim's statement, which Plaintiff has stated the officer relied upon, is enough to create probable cause.  *See, e.g.*, *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker. . . . Indeed, it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." (internal citations omitted)); *see also United States v. Beckham*, 325 F. Supp. 2d 678, 687 & n.16 (E.D. Va. 2004) (collecting cases).  Plaintiff has failed to introduce any facts that existed at the time of the victim statement which would have led a reasonable police officer to believe that the statement did not provide probable cause or which would have shown that Defendant intentionally lied on or made material omissions from the affidavit.

Finally, Plaintiff asserts, as he did in his initial briefs, that his defamation claim has merit. (ECF No. 30 at 3).  However, Plaintiff has failed to allege a statement by Defendant that was defamatory.  As such, the claim should be dismissed.  *See Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 330 (4th Cir. 2005) (courts look to state law to determine whether defamation was properly pled); *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001)  (Under South Carolina law, a plaintiff must prove: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either

actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." (citations omitted)).

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 26) and incorporates it herein. It is therefore **ORDERED** that Defendant's motion to dismiss (ECF No. 18) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

August 4, 2015
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.